**FILED**
United States District Court
Denver, Colorado

**December 16, 2011**

GREGORY C. LANGHAM, CLERK
by s/Sandra Hartmann, Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
CLERK, U.S. DISTRICT COURT

**12-16-11**

CENTRAL DISTRICT OF CALIFORNIA
BY: sb _____ DEPUTY

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE-BACKED SECURITIES LITIGATION
  Federal Deposit Insurance Corp. v. Countrywide Financial )
    Corp., et al., D. Colorado, C.A. No. 1:11-02268 ) MDL No. 2265
  2:11-cv-10400 MRP (MANx)

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff Federal Deposit Insurance Corp. (FDIC), as receiver for United Western Bank (UWB), moves to vacate our order that conditionally transferred its action to MDL No. 2265. Certain defendants[1] oppose the motion and favor inclusion of *FDIC* in MDL No. 2265.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2265, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Central District of California was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Countrywide and affiliated defendants misrepresented to investors in Countrywide mortgage-backed securities origination practices for, and the credit quality of, the mortgage loans Countrywide originated from 2004 to 2007. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, ___ F. Supp. 2d ___, 2011 WL 3569969 (J.P.M.L. Aug. 15, 2011). UWB allegedly purchased Countrywide mortgage-backed securities, and this action clearly falls within the MDL's ambit.

Plaintiff does not dispute that its action shares questions of fact concerning the purchase of Countrywide mortgage-backed securities with actions pending in MDL No. 2265. Plaintiff instead bases its argument against transfer primarily on the pendency of a motion to remand *FDIC* to Colorado state court. Plaintiff, however, can present this motion for remand to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). Transfer of *FDIC* will not delay unnecessarily the resolution of the pending

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Countrywide Financial Corp. (Countrywide), CWALT, Inc., CWMBS, Inc., Countrywide Capital Markets, Countrywide Home Mortgage Loans, Inc., Countrywide Securities Corp., and UBS Securities LLC.

-2-

remand motion. The transferee judge has resolved quickly remand motions in other Countrywide MBS cases before her.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Mariana R. Pfaelzer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell
Charles R. Breyer

I hereby attest and certify on 12-16-11
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
_____
DEPUTY CLERK